IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**CAROLE CRANE**,

    Plaintiff,

    v.

**THE UNITED STATES OF AMERICA**,

    Defendant.

No. 3:10-cv-00068-AC

OPINION AND ORDER

**MOSMAN, J.**,

On November 29, 2011, Magistrate Judge Acosta issued his Findings and Recommendation ("F&R") [58] in the above-captioned case recommending that the United States' Motion for Summary Judgment [15] be granted, and that plaintiff's oral motion to amend her first amended complaint to include an allegation of negligence based on failure to warn be granted. Plaintiff filed objections [65] and the United States responded [66]. The United States also filed objections [64]. I adopt the F&R as my own opinion.

1 – OPINION AND ORDER

## STANDARD OF REVIEW

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Ms. Crane makes two objections to the F&R. First, she objects to Magistrate Judge Acosta's "apparent finding" that plaintiff's first amended complaint does not already plead negligent conduct other than failure to physically assist plaintiff, and that amendment of the complaint is necessary to add these forms of negligent conduct. (Pl. Obj. [65] 2). Second, she argues that the Magistrate Judge erred in rejecting her argument that discretionary functions immunity does not apply to the conduct at issue because deputy U.S. Marshals violated a directive of the U.S. Marshals Service as they unloaded the plaintiff from a van. (*Id.*).

The United States makes one objection, arguing that the Magistrate Judge erred in recommending that plaintiff be given leave to amend her complaint. (Def. Obj. [64] 7).

I find no merit with the objections raised by either party, with one point of clarification. I note that while I find no merit with plaintiff's argument that her first amended complaint currently pleads negligent conduct other than failure to physically assist, I do find merit with Ms. Crane's objections insofar as she requests leave to amend her first amended complaint to include theories of negligence based on failure to watch and acting with undue haste. Ms. Crane did not raise this argument with Magistrate Judge Acosta, but for largely the same reasons that he recommended allowing amendment based on the failure to warn, I hold that plaintiff shall be allowed to amend her first amended complaint to include these new theories of liability as well.

## CONCLUSION

Upon review, I ADOPT Judge Acosta's F&R [58] as my own opinion. The United States' Motion for Summary Judgment [15] is GRANTED. Ms. Crane's request to amend her first amended complaint to include new theories of liability is GRANTED.

IT IS SO ORDERED.

DATED this __9th__ day of February, 2012.

/s/ Michael W. Mosman____
MICHAEL W. MOSMAN
United States District Court